## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| GRAYSON L. TAYLOR, | : | PRISONER CIVIL RIGHTS |
| GDC ID 278437, | : | 42 U.S.C. § 1983 |
|    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:16-CV-1665-TWT-CMS |
| TERRY E. BARNARD, et al., | : | |
|    Defendants. | : | |

## FINAL REPORT AND RECOMMENDATION

State inmate Grayson L. Taylor has filed a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, alleging that the five members of the Georgia State Board of Pardons and Paroles have violated his constitutional rights by "illegally classif[ying] Plaintiff as a sex offender" and "by arbitrarily applying the 1996 Sex Offender Registration law to him retroactively." [1] at 4. In support of those claims, Mr. Taylor alleges that in 1987 he was convicted of "kidnapping only" and that his "legally binding plea agreement . . . did not include any sex offense." *Id.* Mr. Taylor acknowledges that he was "sentenced to two twenty-year sentences," but states that had he "been clairvoyant [he] certainly would not have accepted the plea agreement simply to avoid having to register under the 1996 sex offender law that Defendants are presently continuing to apply to Plaintiff." *Id.* at 4 & 5.

Because this is not the first time that Mr. Taylor has filed a § 1983 complaint while incarcerated, the requirement that his claims be screened pursuant to 28 U.S.C. § 1915A and the standards that his claims must meet to survive screening have already been explained in detail to him.  *See Taylor v. James*, No. 1:10-CV-2605-TWT (N.D. Ga. 2010) (dismissing Mr. Taylor's claims in part as frivolous and in part pursuant to the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971)).  Accordingly, those standards are not restated here.

Having construed Mr. Taylor's complaint liberally because his proceeding *pro se*, *see, e.g., Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), the undersigned concludes that it must be dismissed pursuant to § 1915A because it fails to (i) name any defendants appropriately subject to suit or (ii) state any claims upon which relief may be granted pursuant to § 1983.

First, the Georgia State Board of Pardons and Paroles and its members play no role in classifying inmates as sexual offenders.  *See* O.C.G.A. § 42-1-14.  Thus, *none* of the defendants named by Mr. Taylor in

his complaint was involved in classifying him as a sexual offender, and all of the defendants are appropriately dismissed from this case.

Second, the Georgia statute that now provides that a person convicted on or before June 30, 2001, of kidnapping a minor (other than a minor who is that person's child) may be classified and required to register as a sexual offender, s*ee* O.C.G.A. § 42-1-12(a)(9)(A) & (a)(20), violates neither the due process clause, nor the ex post facto clause of the United States Constitution. The United States Court of Appeals for the Eleventh Circuit has "said that a prisoner who was not convicted of a sex offense is entitled to due process before the state declares him to be a sex offender." *Kramer v. Donald*, 286 F. Appx' 674, 677 (11th Cir. 2008). In Georgia, due process is provided to an inmate not convicted of a sex offense, but potentially subject to classification as a sexual offender, through a proceeding in which the inmate may "provide . . . information including, but not limited to, psychological evaluations, sexual history polygraph information, treatment history, and personal, social, educational and work history, and may agree to submit to a psychosexual evaluation and sexual history polygraph . . . ." O.C.G.A. § 42-1-14(a)(2). Nothing in Mr. Taylor's complaint suggests he

did not receive due process. In addition, the retroactive application of sexual offender registration requirements by states has repeatedly been found not to violate the ex post facto clause. *See, e.g., Smith v. Doe*, 538 U.S. 84, 93 (2003) (Alaska sexual offender registration statute did not impose "retroactive punishment forbidden by the Ex Post Facto Clause"). This is true even where the inmate being classified as a sexual offender did not plead guilty to a "sexual" offense. *See, e.g., Rainer v. State*, 690 S.E.2d 827, 828 (Ga. 2010) ("because the registration requirements themselves do not constitute punishment, it is of no consequence whether or not one has committed an offense that is 'sexual' in nature before being required to register").[1]

---

[1] It is worth noting that Mr. Taylor's claims may also be untimely. A two-year limitation period applies to § 1983 claims brought in federal court in Georgia. *See generally Williams v. City of Atlanta*, 172 F.3d 797, 803 (11th Cir. 1999). This limitation period is *not* extended by the continuing violation doctrine with respect to a claim that a person has been wrongfully classified as a sexual offender. *See, e.g., Meggison v. Bailey*, 575 F. App'x 865, 867 (11th Cir. 2014). Thus, such a claim must be filed within two years of the date on which an inmate was classified as a sexual offender. Although Mr. Taylor has not identified the date on which he was classified as a sexual offender, if that classification decision was made on or before May 15, 2014–two years before he signed and mailed his § 1983 complaint, *see* [1] at 8–then his claims are untimely.

Because Mr. Taylor has not identified any appropriate defendants or stated any claim upon which relief may be granted under § 1983 with respect to his classification as a sexual offender, the undersigned **RECOMMENDS** that this case be **DISMISSED**.

Based on the allegations in Mr. Taylor's complaint and the clear authority precluding his claims that the retroactive application of the sexual offender registration requirements to him violated his constitutional rights, it appears that it would be futile to invite Mr. Taylor to amend his complaint. Nonetheless, if Mr. Taylor believes that a more-carefully-drafted complaint might state a claim against one or more defendants on which relief might be granted under § 1983, he is **ORDERED** to attach a proposed amended complaint to any objections that he files with respect to this Final Report and Recommendation. *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc); *see also Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

---

In the event Mr. Taylor files objections to this Final Report and Recommendation, he is **ORDERED** to identify the date on which he was first classified as a sexual offender.

5

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED, ORDERED, AND DIRECTED**, this 1st day of August, 2016.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE